Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Leslie Collazo Rivera<br><br>Recurrida<br><br>vs.<br><br>María M. Cintrón Valle, Jesús M. Oyola, Víctor J. Olivo Afanador, Verónica Morán y la Sociedad Legal de Gananciales compuesta por Víctor J. Olivo Afanor y Verónica Morán; Víctor J. Olivo Afanador CPA, CSP<br><br>Recurrido | KLCE202301451 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV03009<br><br>Sobre: Incumplimiento de Contrato Interferencia Contractual Torticera Abuso del Derecho Enriquecimiento Injusto, Daños y Perjuicios. |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de enero de 2024.

Comparece ante nos, el señor Víctor J. Olivo Afanador, la señora Verónica Morán, y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, parte peticionaria o SLG Olivo-Morán), quienes presentan recurso de *Certiorari* en el que solicitan la revocación de la "Resolución" emitida el 29 de noviembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de desestimación presentada por la parte peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

---
[1] Notificada el 30 de noviembre de 2023.

Número Identificador

RES2024 _____

denegamos el recurso presentado mediante los fundamentos que expondremos a continuación.

**I.**

El 30 de mayo de 2023, la señora Leslie Collazo Rivera (en lo sucesivo, parte apelada o Sra. Collazo Rivera) presentó una "Demanda" por incumplimiento de contrato, interferencia contractual torticera, abuso del derecho, enriquecimiento injusto y daños y perjuicios contra, entre otras personas, la SLG Olivo-Morán. En esencia, alegó que, el 30 de mayo de 2017, suscribió un contrato de arrendamiento con los codemandados María M. Cintrón Valle y David M. Nieves Cintrón. Aduce que, mediante dicho acuerdo, se le otorgó el derecho de opción de compra sobre la propiedad alquilada, la cual operaba como negocio de salón de belleza y producía alrededor de $134,000.00 netos al año. Arguyó que, a pesar de que el contrato tenía vigencia hasta el 30 de mayo de 2022, ambas partes acordaron su extensión hasta tanto se tasara el inmueble y se negociara su venta.

A pesar de lo anterior, sostuvo que, el 24 de mayo de 2023, la parte peticionaria le informó que había comprado la propiedad objeto del arrendamiento. Aseveró que, mediante este acto, se le pretendía usurpar de su negocio, y se le ocasionaron daños emocionales y económicos. Por entender que hubo una interferencia contractual torticera, solicitó se anulase la escritura de compraventa habida entre los demandados, y reclamó un total de $550,760.00 en daños.

Esta reclamación fue enmendada en tres ocasiones.[2] La "Tercera Demanda Enmendada" se presentó el 20 de junio de 2023, con el propósito de incluir como parte demandada a Víctor

---

[2] Las primeras dos enmiendas se hicieron con el propósito de corregir el nombre de ciertos demandados, tanto en el epígrafe como en el cuerpo de la reclamación.

J. Olivo Afanador CPA, CSP (en adelante, VJOA), entidad jurídica que compró el inmueble en cuestión.

Así las cosas, el 28 de julio de 2023, la SLG Olivo-Morán presentó una "Moción de Desestimación", y solicitó se desestimara la reclamación presentada en su contra. En síntesis, el matrimonio argumentó que, según se alegó en la "Tercera Demanda Enmendada", la propiedad en cuestión fue adquirida por VJOA. Su contención es que, como dicha entidad posee personalidad jurídica propia y separada a la de sus miembros, éstos no responden en su carácter personal.

En respuesta, el 4 de agosto de 2023, la Sra. Collazo Rivera presentó una "Oposición a Moción de Desestimación" y, en lo pertinente, esgrimió que la "Demanda" contiene alegaciones contra la parte peticionaria en su carácter personal. Específicamente, señaló que, la reclamación incluye alegaciones por los daños emocionales sufridos a consecuencia del trato irrespetuoso, acechante y amenazante por parte del Sr. Olivo Afanador. En cuanto a la señora Verónica Morán, esposa del Sr. Olivo Afanador, indicó que también está vinculada de manera directa con los daños reclamados, puesto que el matrimonio se benefició de las actuaciones del Sr. Olivo Afanador. Afirmó que estas alegaciones en nada se relacionan con la corporación, sino que están dirigidas directamente contra la persona de la parte peticionaria.

Por su parte, el 17 de agosto de 2023, VJOA presentó "Moción de Desestimación", y solicitó la desestimación de la reclamación presentada en su contra, bajo la premisa de que la parte recurrida no tiene derecho alguno sobre la propiedad en controversia, en vista de que el contrato de arrendamiento y la opción de compra incluida en este se encuentran vencidos desde el año 2022. A su vez, manifestó ser un tercero registral y, debido a

que el contrato estaba vencido, negó la existencia de una interferencia contractual torticera.

Posteriormente, el 6 de septiembre de 2023, la Sra. Collazo Rivera se opuso a la desestimación solicitada por VJOA,[3] y peticionó su denegatoria bajo los siguientes fundamentos: (1) de las alegaciones de la "Demanda" surge que, por acuerdo entre las partes, el contrato fue extendido hasta que se tasara la propiedad y se negociara su venta, (2) debido a que dicho contrato fue extendido, el mismo continuaba vigente, y (3) la figura del tercero registral es inaplicable, toda vez que VJOA actuó de mala fe.

El 13 de octubre de 2023, el foro *a quo* celebró vista argumentativa con relación a las mociones de desestimación presentadas, y ambas partes tuvieron oportunidad de abundar al respecto.

Evaluados los escritos y argumentos de ambas partes, el 29 de noviembre de 2023,[4] el Tribunal de Primera Instancia emitió una "Resolución" mediante la cual declaró No Ha Lugar las solicitudes de desestimación presentadas por la SLG Olivo-Morán y VJOA. Razonó que: (1) aunque la parte recurrida alegó que la empresa VJOA fue la entidad que compró la propiedad, la "Demanda" contiene alegaciones contra la parte peticionaria en su carácter personal, (2) en la "Demanda" se alegó que el contrato de arrendamiento quedó extendido por acuerdo entre las partes, por lo que es necesario evaluar prueba sobre tal argumento, y (3) como consecuencia de lo anterior, ambas mociones resultan prematuras dado a que no se ha comenzado un descubrimiento de prueba que aclare todos los argumentos expuestos por las partes.

Inconforme, la SLG Olivo-Morán recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores:

---

[3] Véase, "Oposición a Moción de Desestimación"; apéndice págs. 53-57.
[4] Notificada el 30 de noviembre de 2023.

*Primero Error:*
*Erró el Tribunal de Primera Instancia, Sala de Bayamón, al no desestimar la demanda en contra del matrimonio Olivo-Morán por dejar de exponer una reclamación que justifique la concesión de un remedio.*

*Segundo Error:*
*Erró el Tribunal de Primera Instancia, Sala de Bayamón, al no desestimar la demanda en contra del matrimonio Olivo-Morán cuando todos los actos alegadamente realizados por el Sr. Olivo fueron como presidente y en representación de la codemandada "VJOA".*

*Tercer Error:*
*Erró el Tribunal de Primera Instancia, Sala de Bayamón, al no desestimar la demanda en contra del matrimonio Olivo-Morán por existir alegaciones de responsabilidad extracontractual en contra del Sr. Olivo en su carácter personal.*

*Cuarto Error:*
*Erró el Tribunal de Primera Instancia, Sala de Bayamón, al no desestimar la demanda en contra del matrimonio Olivo-Morán por existir alegaciones de interferencia torticera en contra del Sr. Olivo en su carácter personal.*

*Quinto Error:*
*Erró el Tribunal de Primera Instancia, Sala de Bayamón, al no desestimar la demanda en contra del matrimonio Olivo-Morán por existir alegaciones de abuso del derecho en contra del Sr. Olivo en su carácter personal.*

*Sexto Error:*
*Erró el Tribunal de Primera Instancia, Sala de Bayamón, al no desestimar la demanda en contra del matrimonio Olivo-Morán por existir alegaciones de enriquecimiento injusto en contra del Sr. Olivo en su carácter personal.*

## II.

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de

una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el foro primario cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Por su parte, nuestro Alto Foro ha expresado que el auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46. Si bien el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Además, resulta pertinente apuntar el hecho de que los tribunales de instancia poseen gran flexibilidad y discreción para lidiar con el manejo diario y la tramitación de los asuntos judiciales. *In re Collazo I*, 159 DPR 141 (2003). Así, se les ha reconocido a los jueces el poder y la autoridad suficiente para conducir los asuntos ante su consideración de la forma y manera que su buen juicio les indique. *Íd.*

En ese sentido, nuestro Tribunal Supremo ha establecido que, como norma general, el Tribunal de Apelaciones no intervendrá en el manejo del caso ante la consideración del foro primario. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Este foro apelativo intermedio sólo intervendrá en el ejercicio de la discreción del Tribunal de Primera Instancia en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo. *Íd.*

Cónsono con lo anterior, nuestra Alta Curia ha reiterado que "las decisiones discrecionales que toma el Tribunal de Primera Instancia no serán revocadas a menos que se demuestre que ese foro abusó de su discreción". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). A esos efectos, el máximo foro judicial pronunció que "los foros apelativos no deben pretender

administrar ni manejar el trámite regular de los casos ante el foro primario". *Íd.*

**III.**

Luego de considerar el recurso ante nos, a la luz del derecho antes citado, y siguiendo los criterios para la expedición del auto de *Certiorari*, determinamos que no están realmente presentes en este caso los criterios esbozados por la Regla 40 de nuestro Reglamento, *supra.*

En su escrito, la parte peticionaria argumenta que el foro recurrido debió desestimar la reclamación presentada en su contra, toda vez que se alegó que VJOA fue quien compró la propiedad arrendada. Su contención es que, como dicha entidad posee personalidad jurídica propia, la SLG Olivo-Morán no fue parte del negocio jurídico y, por tanto, el matrimonio no responde en su carácter personal.

Según revela el tracto procesal discutido, la SLG Olivo-Morán presentó una "Moción de Desestimación" al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Por tanto, el Tribunal de Primera Instancia tomó por cierto aquellas alegaciones bien hechas por la Sra. Collazo Rivera en su "Tercera Demanda Enmendada". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008). Tras este ejercicio, el foro primario declaró No Ha Lugar la "Moción de Desestimación" presentada por la parte peticionaria, por entender que la reclamación contiene alegaciones dirigidas a su carácter personal.

Lo cierto es que, tras una lectura de las alegaciones incluidas en la reclamación, surge que, en efecto, se alegó que el Sr. Olivo Afanador compró la propiedad través de VJOA.[5] No obstante lo anterior, existen alegaciones contra el Sr. Olivo Afanador en su carácter personal, respecto a que este último causó

---

[5] Véase, "Tercera Demanda Enmendada", alegación número 7.

daños emocionales a la Sra. Collazo Rivera, mediante amenazas, trato irrespetuoso y conducta acechante y amenazante.[6] A su vez, se alegó que la SLG Olivo-Morán se benefició y aprovechó de estas actuaciones.[7] Estas alegaciones en nada se relacionan con la corporación, sino que están dirigidas directamente contra la persona de la parte peticionaria.

A su vez, con el fin de precisar los asuntos en controversia y facilitar la búsqueda de la verdad, el foro recurrido concluyó que es necesario efectuar un descubrimiento de prueba que aclare todos los argumentos expuestos por las partes. No hay duda que, de esta forma, se coloca al juzgador de los hechos "en la mejor posición posible para resolver justamente". *E.L.A. v. Casta*, 162 DPR 1, 9 (2004). Tratándose de una determinación discrecional y enmarcada dentro del criterio de la razonabilidad, esta no debe ser modificada. Enfatizamos que, los tribunales de instancia gozan de amplia discreción para pautar y conducir los procedimientos ante sí y, salvo particulares excepciones, este foro apelativo debe abstenerse de intervenir en el manejo del caso. *BPPR v. Gómez Alayón*, 2023 TSPR 145.

Ante ello, resolvemos que el Tribunal de Primera Instancia no abusó de su discreción, y su decisión fue conforme a derecho. En vista de lo anterior, resulta meridianamente claro que el caso de epígrafe no presenta alguno de los criterios expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que requiera la expedición del auto de *Certiorari*. En atención a lo cual no debemos anteponer nuestro criterio por el ejercicio de discreción que la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.2, claramente le reconoce al foro *a quo*. En consecuencia, denegamos la expedición del auto de *Certiorari*.

---

[6] Véase, "Tercera Demanda Enmendada", alegaciones número 6, 7, 9, 10, 11, 12, 13 y 21.
[7] Véase, "Tercera Demanda Enmendada", alegación número 23.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, denegamos el recurso de *Certiorari* solicitado por el señor Víctor J. Olivo Afanador, la señora Verónica Morán, y la Sociedad Legal de Gananciales compuesta por ambos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones